IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, as successor by merger to ESSEX INSURANCE COMPANY, § § § § | |
| Plaintiff, § | |
| v. § | Case No.: _____ |
| JACQUELYN AND PEGGIE, LLC, § § § | |
| Defendant. § | |

## PETITION FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Evanston Insurance Company ("Evanston"), successor by merger to Essex Insurance Company ("Essex"), and files this Petition for Declaratory Judgment as follows:

1. This petition for declaratory judgment is brought pursuant to 28 U.S.C. Section 2201, *et seq.*, to determine the rights, duties, status, and legal rights under the insurance policy made the basis of this litigation.

## PARTIES

2. Plaintiff Evanston is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Deerfield, Illinois.[1]

3. Defendant Jacquelyn and Peggie, LLC ("J&P") is a limited liability company organized and existing under the laws of the State of Alabama. The sole member of J&P is Peggie Weekley, who is a resident and citizen of the State of Alabama.

## JURISDICTION AND VENUE

---

[1] Prior to merging into Evanston, Essex was a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Glen Allen, Virginia.

4. Evanston invokes this Court's jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a)(1).

5. Evanston is diverse from J&P.

6. The amount in controversy exceeds $75,000.

7. Venue in this District is proper pursuant to 28 U.S.C. Section 1291(b)(2), as a substantial part of the events giving rise to the asserted claim took place in this District.

## FACTUAL BACKGROUND

8. Prior to June 2012, Crystal Stovall Enterprises, LLC ("Crystal Stovall") owned commercial property located at 1500 Hillyer Robinson Industrial Parkway, Anniston, Alabama 36207 (the "Property").

9. Crystal Stovall's only member is Alan Stovall, Ms. Weekley's brother.

10. In or around June of 2012, J&P allegedly purchased the Property from Crystal Stovall, for $700,000.

11. Crystal Stovall purportedly obtained a twenty (20) year mortgage on the Property for $560,000, with eight percent (8%) fixed annual interest.

12. Ms. Weekley personally guaranteed the mortgage.

13. On or about June 11, 2015, J&P signed and submitted an insurance application and provided certain information to Essex seeking to obtain property insurance coverage for the Property.

14. As a result, Essex issued a policy of insurance to J&P bearing policy number 2CR1635, for the policy period June 11, 2015, to June 11, 2016 (the "Policy"). In or around June of 2016, Essex merged into Evanston, and Evanston became responsible for any and all liability arising out of the Policy.

15. On February 22, 2016, there was a fire and an alleged theft at the Property (the "February 22 Incident").

16. At the time of the February 22 Incident, the Property did not have a functioning fire alarm system and did not have a functioning burglar alarm system.

17. J&P knew that the Property did not have these systems in place, and never notified Essex or Evanston of the lack of these systems.

18. On February 29, 2016, a second fire occurred at the Property (the "February 29 Incident"). As with the February 22 Incident, there was evidence that the February 29 Incident was intentionally set.

19. As a result of the February 22 Incident and the February 29 Incident, J&P sought $929,000.00 from Essex and then Evanston.

20. J&A did not have the requisite protective safeguards in place at the time of either the February 22 Incident or the February 29 Incident.

## COUNT I

## DECLARATORY JUDGMENT THAT NO COVERAGE IS AFFORDED TO J&P FOR THE FEBRUARY 22 INCIDENT AND THE FEBRUARY 29 INCIDENT

21. Evanston re-alleges and incorporate by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

22. J&P failed to maintain an appropriate fire alarm system and an appropriate burglar alarm system, both of which were required under the Policy, and thus coverage for the February 22 Incident and the February 29 Incident is excluded under the Policy.

23. Accordingly, Evanston does not owe coverage for the February 22 Incident or the February 29 Incident, or any claims arising therefrom, under the Policy.

WHEREFORE, PREMISES CONSIDERED, Evanston requests the following relief:

(A) That this Honorable Court take jurisdiction of this Petition;

(B) That this Honorable Court will ORDER, ADJUDGE, DECLARE, and DECREE that this is a proper case for declaratory judgment relief and that there is a bona fide controversy between the parties as to their legal rights, status, and liabilities;

(C) That the process of this Honorable Court be issued to J&P as provided by law and the rules of this Court and that J&P be ordered to respond to this Petition for Declaratory Judgment within the time prescribed by law or in the event of failure to do so, suffer a decree *pro confesso*;

(D) That, upon final hearing of this cause, this Honorable Court will ORDER, ADJUDGE, DECLARE, and DECREE the rights, status, and legal relations of Evanston and J&P as named in this Petition under the Policy;

(E) That, upon a final hearing of this case, this Honorable Court will ORDER, ADJUDGE, DECLARE, and DECREE that Evanston does not owe coverage to J&P for the February 22 Incident or the February 29 Incident or any claim arising therefrom; and

(F) That, if Evanston is mistaken in any special relief herein prayed for, then it prays for such other, further, or more general relief to which it may be entitled in the premises.

4

Respectfully submitted,

/s/ Brenen G. Ely

Brenen G. Ely (ASB-0366-E54B)
Seth T. Hunter (ASB-8506-S76H)
Attorneys for Evanston Insurance Company,
as successor by merger to Essex Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Parkway
Suite 380
Birmingham, Alabama 35209
Telephone:   (205) 313-1200
Facsimile:   (205)313-1201
bely@elylawllc.com
shunter@elylawllc.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

Jacquelyn and Peggie, LLC
c/o Peggie Weekley
1500 Hillyer Robinson Industrial Parkway
Anniston, Alabama 36207

Jacquelyn and Peggie, LLC
c/o Peggie Weekley
4600 Old Birmingham Highway
Anniston, Alabama 36201